**JUDGE ABRAMS**

Haluk Savci, Esq.
Mason Tender District Council of
Greater NY
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407



12 CIV 8050

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TRUSTEES FOR THE MASON TENDERS          :
DISTRICT COUNCIL WELFARE FUND,          :
PENSION FUND, ANNUITY FUND, and         :
TRAINING PROGRAM FUND                   :
                                        :
                                        :
             and                        :
                                        :
ROBERT BONANZA, as Business Manager     :
of the MASON TENDERS DISTRICT COUNCIL   :
OF GREATER NEW YORK,                    :
            Plaintiffs,                 :
                                        :
-against-                               :
                                        :
GCL GROUP, INC.                         :
            Defendant.                  :
--------------------------------------------------------------x

**Complaint**
Civil Action
No. –

ECF CASE

RECEIVED NOV 05 2012 U.S.D.C. S.D. N.Y. CASHIERS

The TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND (hereinafter" the MTDC Fringe Benefit Funds" or "the Funds"), with their principal place of business at 520 Eight Avenue, Suite 600, New York, New York 10018, and ROBERT BONANZA, as Business Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK (hereinafter referred to as the "Union" or "the MTDC") with their principal place of business at 520 Eight Avenue, Suite 650, New York, New York 10018, by and through their undersigned counsel, for their complaint

againstGCL GROUP, INC. ("GCL" or the "Defendant"), with its principal place of business at 110 Wall Street, New York, New York 10005, allege as follows:

## INTRODUCTION

1. This is an action to confirm an arbitration award issued pursuant to arbitration procedures adopted by the trustees of employee fringe benefit funds regarding the collection of contributions from delinquent participating employers. The action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, for monetary and injunctive relief. This action arises from the failure of the defendant, GCL, to comply with an arbitration award and failure to make contributions to the MTDC Fringe Benefit Funds as required by ERISA, the applicable collective bargaining agreement ("CBA") between the Associated Brick Mason Contractors of Greater New York, Inc.("ABMC") and the Union for the period July 1, 2008 through June 30, 2011 to which Defendant is a party, the Amended and Restated Agreements and Declarations of Trust governing the Plans, and the Arbitration Procedures thereto.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502(a)(3), (e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1145.

3. Venue lies in this district pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Company transacts business in this judicial district and because the plaintiffs maintain their office in this

judicial district. Venue also lies in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district, including the arbitration hearing.

## STATEMENT OF FACTS

### The Parties

4. Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1)). The purpose of the Funds, among other things, is to provide fringe benefit to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their principal place of business at 520 8th Avenue, New York, NY 10018. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of

ERISA (29 U.S.C. § 1002(4)). The union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018.

5. Plaintiff Robert Bonanza is the Business Manager of the union and brings this action for dues and contributions in his representative capacity pursuant to Section 12 of the General Associations Law of the State of New York.

6. Upon information and belief, GCL is, and at all times relevant to this action has been, a corporation organized and existing under the laws of the State of New York. It maintains its principal place of business at 110 Wall Street, New York, New York, 10005. At all times relevant to this action, GCL was an "employer" within the meaning of Section 101(2) of the LMRA, 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7. The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and 1145.

8. The Funds are third-party beneficiaries of the collective bargaining agreement between the ABMC and the MTDC to which GCL is a party and that requires contributions to be made to the Plans.

9. Defendant is an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and SA is an employer affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. §185) and is party to the CBA.

THE COLLECTIVE BARGAINING AGREEMENT

10. GCL is a member of the ABMC which is a party to a CBA with the Mason Tenders District Council effective from July 1, 2008 through June 30, 2011.

11. The CBA establishes the terms and conditions of employment for all bargaining unit employees at GCL.

12. The CBA requires GCL to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBA are also designated as the authorized collection agent for the Mason Tenders District Council and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

13. The CBA requires the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

14. The CBA permits the Trustees of the Plans to take any legal action for the purpose of collecting the delinquency form the employer.

15. The CBA further provides that in the event legal action is taken, the Employer is responsible for:

a. unpaid contributions;

b. interest on unpaid contributions determined by using the rate prescribed under section 6621 of Tile 26 of the United States Code;

c.      an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

d.      reasonable attorneys' fees and costs of the action;

e.      such other legal or equitable relief as the court deems appropriate.

The CBA further provides that the Employer agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements including but not limited to the Trust Funds' arbitration procedures for allegedly delinquent contributions.

## THE TRUST AGREEMENTS

17.     GCL is an "Employer" as defined by the Trust Agreements. GCL is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers, such as GCL, pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

18.     The Trust Agreement further provides the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

19.     In addition, pursuant to the Trust agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on

the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

20.     Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

## THE ARBITRATION AND AWARD

21.     On July 77, 2011, the Funds and MTDC forwarded to GCL by a demand and intent to conduct an arbitration before Arbitrator Joseph Harris for delinquent fringe benefit contributions and other contributions owed for the period March 26, 2008 through March 30, 2010 based upon an audit conducted by an independent auditor. Arbitrator Harris subsequently by letter dated July 9, 2011 gave notice to the Funds and GCL he would conduct a hearing on August 5, 2011. The notification of the hearing was returned as undeliverable. On August 5, counsel for GCL contacted the Arbitrator and requested a new date for the hearing. On August 6, 2011, the Arbitrator wrote to all parties scheduling a hearing for September 28, 2011. On August 31, 2011, counsel to GCL requested an adjournment of that date which was granted with the Arbitrator again adjourning the hearing to October 31, 2011.

22.     The hearing was duly conducted on October 31, 2011. No representative appeared on behalf of GCl and counsel to GCL informed the Arbitrator on September 31 he had withdrawn as counsel to the company. The arbitrator proceeded with the hearing. The Funds submitted evidence of the delinquency owed to it by GCL including testimony

from the Funds' Delinquency Manager and the submission into evidence of an independent auditor's report for the March 26, 2008 through March 30, 2010 ("the Audit Period") detailing the Funds were owed $53,354.28 in principal fringe benefits, $4,679.76 in dues and PAC contributions and interest of $6,734.34 as of the date of the arbitration.

23.     On November 8, 2011, the Funds received by first class mail the November 4, 2011 Default Opinion and Award of Arbitrator Harris in favor of the Funds finding the Defendant owed the Funds for the Audit Period $53,354.28 in principal fringe benefits, $4,679.76 in dues and PAC contributions and interest of $6,734.34 as of the date of the arbitration , $10,670.86 in liquidated damages and $1,650.00 in arbitration fees. To date there remains a balance due on the Award of $77,039.54 comprising $53,354.28 in principal fringe benefits, $4,679.76 in dues and PAC contributions and interest of $6,734.34 as of the date of the arbitration , $10,670.86 in liquidated damages and $1,650.00 in arbitration fees.

## FIRST CAUSE OF ACTION

25. Plaintiffs have demanded payment of the total sums found to be due under the November 4, 2011 Award and Defendant has not paid these full amounts.

26. Plaintiffs now timely seek to confirm the Award and to render the Award a judgment because of the Defendant's failure to make the payments directed by the Award. Defendants are liable to the Plaintiffs for $77,039.54 comprising $53,354.28 in principal fringe benefits, $4,679.76 in dues and PAC contributions and interest of $6,734.34 as of the date of the arbitration, $10,670.86 in liquidated damages and $1,650.00 in arbitration fees.

## SECOND CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 26 above, as though set forth in full herein.

26. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement".

27. Section 502(g)(2) of ERISA, 29 U.S.C. §1132, requires that in any action by a fiduciary to enforce Section 515 of ERISA in which judgment is awarded in favor of the plan, "the court shall award the plan-

a.  the unpaid contributions;

b.  interest on the unpaid contributions;

c.		an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent…of the amount determined by the court under subparagraph (a);

d.		reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

e.	such other legal or equitable relief as the court deems appropriate."

30.	Defendant's failure to remit contributions to the Funds for the period March 26, 2008 through March 30, 2010, and its failure to pay interest, liquidated damages, attorneys' fees and costs and the arbitrator's fee constitutes a breach of the terms of the CBA and the Plans' Trust Agreements and a violation of Section 515 of ERISA.

31.	As a result of this failure, Defendant is liable to the Plaintiffs for $77,039.54 comprising $53,354.28 in principal fringe benefits, $4,679.76 in dues and PAC contributions and interest of $6,734.34 as of the date of the arbitration , $10,670.86 in liquidated damages and $1,650.00 in arbitration fees.

## THIRD CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 31 above, as though set forth in full herein.

32.	By failing to abide by the terms of the Award, Defendant breached its obligations under the labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

33.	As a result of this failure, Defendant is liable to the Plaintiffs under the Arbitration Award and Plaintiff seeks timely confirmation and enforcement of the Arbitration Award for $77,039.54 comprising $53,354.28 in principal fringe benefits,

$4,679.76 in dues and PAC contributions and interest of $6,734.34 as of the date of the arbitration , $10,670.86 in liquidated damages and $1,650.00 in arbitration fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court enter a judgment:

a. Declaring that Defendant is required to pay and holding it liable to the Plaintiffs for all damages set forth in the Award, including but not limited for $77,039.54 comprising $53,354.28 in principal fringe benefits, $4,679.76 in dues and PAC contributions and interest of $6,734.34 as of the date of the arbitration , $10,670.86 in liquidated damages and $1,650.00 in arbitration fees; and

b. Confirming and entering judgment upon the Award of Arbitrator Joseph Harris, dated November 4, 2011, in all respects; and

c. Granting such other further legal and equitable relief as this Court may deem just and proper.

Dated: November 5, 2012

By: _____

Haluk Savci, Esq.(HS-0853)
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org

Attorney for the Plaintiffs